UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -  X
                                 :
UNITED STATES OF AMERICA         :      SEALED INDICTMENT
                                 :
         - v. -                  :      19 Cr. 547
                                 :
MEHDI MOSLEM, and                :
SAAED MOSLEM,                    :
                                 :
         Defendants.             :
                                 :
- - - - - - - - - - - - - - - -  X

## COUNT ONE
### (Conspiracy to Defraud the IRS)

The Grand Jury charges:

### BACKGROUND

1.    From at least in or about 2009 and continuing through
in or about 2016, MEHDI MOSLEM and SAAED MOSLEM, the defendants,
operated a scheme to conceal millions of dollars of profits from
a used car dealership business and underreport their personal
incomes to the Internal Revenue Service ("IRS").

### Relevant Persons and Entities

2.    At all times relevant to this Indictment:

      a.    MEHDI MOSLEM, the defendant, was a resident of
Orange County, New York.

      b.    SAAED MOSLEM, the defendant, was a resident of
Orange County, New York.

      c.    Exclusive Motor Sports, LLC ("Exclusive") was a
used car dealership located in Central Valley, New York that was

owned, in various degrees at different times, by MEHDI MOSLEM,
SAAED MOSLEM and another individual ("Individual-1"), with whom
MEHDI MOSLEM filed joint U.S. Individual Tax Return Forms 1040.

### 2009 Tax Year

3.    In or about early 2010, SAAED MOSLEM, the defendant,
retained a tax return preparer located in Rockland County, New
York ("CC-1") to prepare his Form 1040 for 2009.  SAAED MOSLEM
and CC-1 agreed to decrease the amount of tax due and owing on
income from Exclusive by lowering the year-end inventory amount
for Exclusive on SAAED MOSLEM's 2009 Form 1040, which increased
Exclusive's cost of goods sold and thereby decreased Exclusive's
net profit.

4.    In or about April 2010, SAAED MOSLEM, the defendant,
caused a 2009 Form 1040 reflecting approximately $16,542 of net
profit relating to Exclusive to be filed with the IRS, when the
actual net profit relating to Exclusive for that year was
substantially higher.  SAAED MOSLEM'S 2009 Form 1040 thereby
underreported the amount of tax due and owing for 2009 by a
substantial amount.

### 2010-2015 Tax Years

5.    Since at least in or about 2010 through in or about
September 2016, MEHDI MOSLEM and SAAED MOSLEM, the defendants,
provided false information relating to Exclusive's books and
records to CC-1 and directed CC-1 to use false information in

2

preparing U.S. Partnership Income Tax Return Forms 1065 for Exclusive. As a result, the Forms 1065 for Exclusive for 2010 through 2013 inclusive and 2015 falsely understated Exclusive's income attributable to MEHDI MOSLEM and SAAED MOSLEM by underreporting gross receipts and by underreporting inventory, which falsely inflated the cost of goods sold.

6.    MEHDI MOSLEM and SAAED MOSLEM, the defendants, caused the 2010, 2011, and 2015 Forms 1065 for Exclusive to be filed with the IRS.  CC-1 prepared, but did not file with the IRS, Forms 1065 for Exclusive for 2012 and 2013.  CC-1 prepared Forms 1040 for MEHDI MOSLEM and SAAED MOSLEM, the defendants, based on information derived from each of the Forms 1065 CC-1 prepared for Exclusive for the years 2010 through 2015 inclusive.

7.    MEHDI MOSLEM and SAAED MOSLEM, the defendants, caused CC-1 to file Forms 1040 for each of them for the years 2010 through 2015 inclusive while knowing that certain of those Forms 1040, including MEHDI MOSLEM's Forms 1040 for the years 2010, 2011, 2012, 2013, and 2015 and SAAED MOSLEM's Forms 1040 for the years 2010, 2011, 2012, and 2013, substantially underreported income relating to Exclusive that passed through Exclusive's Forms 1065 to them, thereby falsely lowering the reported amounts of tax owed by substantial amounts.

## STATUTORY ALLEGATION

8.    Beginning in or about 2009, and continuing through in

3

or about 2016, in the Southern District of New York and elsewhere, MEHDI MOSLEM and SAAED MOSLEM, the defendants, together with CC-1 and others, did knowingly conspire and agree with each other to defraud the United States of America and the IRS, an agency of the United States.

9.    It was a part and an object of the conspiracy that MEHDI MOSLEM and SAAED MOSLEM, the defendants, and others, would and did knowingly defraud the United States of America and the IRS for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the IRS in the ascertainment, computation, assessment, and collection of revenue, to wit, federal income taxes.

### OVERT ACTS

10.    The following overt acts, among others, were committed and caused to be committed in the Southern District of New York by MEHDI MOSLEM and SAAED MOSLEM, the defendants, in furtherance of the conspiracy and to effect its illegal object thereof:

a.    In or about April 2010, SAAED MOSLEM directed CC-1 to prepare and file a false 2009 Form 1040 for SAAED MOSLEM.

b.    In or about March 2011, the defendants directed CC-1 to prepare and file a false 2010 Form 1065 for Exclusive, a false 2010 Form 1040 for MEHDI MOSLEM and a false 2010 Form 1040 for SAAED MOSLEM.

c.    In or about September 2012, the defendants

4

directed CC-1 to prepare and file a false 2011 Form 1065 for Exclusive, a false 2011 Form 1040 for MEHDI MOSLEM and a false 2011 Form 1040 for SAAED MOSLEM.

d.   In or about September 2013, the defendants directed CC-1 to prepare a false 2012 Form 1065 for Exclusive and to prepare and file a false 2012 Form 1040 for MEHDI MOSLEM and a false 2012 Form 1040 for SAAED MOSLEM.

e.   In or about September 2014, the defendants directed CC-1 to prepare a false 2013 Form 1065 for Exclusive and to prepare and file a false 2013 Form 1040 for MEHDI MOSLEM and a false 2013 Form 1040 for SAAED MOSLEM.

f.   In or about February 2016, the defendants directed CC-1 to prepare and file a 2014 Form 1065 for Exclusive that falsely stated Exclusive's year-end inventory.

g.   In or about November 2016, the defendants directed CC-1 to prepare and file a false 2015 Form 1065 for Exclusive and to prepare and file a false 2015 Form 1065 for MEHDI MOSLEM.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Bank Fraud Conspiracy)

The Grand Jury further charges:

### Background

11.   Paragraphs 2 through 7 are repeated and realleged as

if set forth fully herein.

12.  From in or about 2011 through in or about 2017, MEHDI MOSLEM and SAAED MOSLEM, the defendants, fraudulently sought and obtained loans for Exclusive from financial institutions (the "lenders").  The defendants provided the lenders with materially false information about their personal finances, including, but not limited to, their assets and liabilities.  The defendants falsely overstated their net worth by, among other things, inflating the market value of their real estate assets and by omitting tax liabilities resulting from the understatement of their income on their Forms 1040.

13.  In furtherance of the conspiracy and to effect the illegal object thereof, the defendants made the following fraudulent loan applications, among others.

Commercial Mortgage Application to Hudson Valley

14.  In or about April 2011, MEHDI MOSLEM and SAAED MOSLEM, the defendants, and CC-1 submitted an application for a $1.5 million mortgage loan for Exclusive, with Exclusive's property in Central Valley, New York and the defendants' personal guarantees as security for the loan, to Hudson Valley Federal Credit Union ("Hudson Valley").

15.  MEHDI MOSLEM and SAAED MOSLEM, the defendants, submitted personal financial statements with the application that falsely overstated the value of their assets and

6

understated their liabilities.

16. MEHDI MOSLEM and SAAED MOSLEM, the defendants, and CC-1 agreed to provide a false explanation to Hudson Valley regarding discrepancies between a tax return submitted with the mortgage loan application and a fabricated 2009 tax return that SAAED MOSLEM had previously submitted to Hudson Valley in connection with a different application.

### Riverside Bank Mortgage Loan for Exclusive

17. From in or about June 2011 through in or about December 2011, SAAED MOSLEM and MEHDI MOSLEM, the defendants, submitted an application for a $1,162,500 mortgage loan for Exclusive, with Exclusive's property in Central Valley, New York and the defendants' personal guarantees as security for the loan, to Riverside Bank ("Riverside")

18. MEHDI MOSLEM and SAAED MOSLEM, the defendants, submitted personal financial statements with the application that falsely overstated the value of their assets and understated their liabilities.

19. SAAED MOSLEM, the defendant, caused a fabricated 2009 Form 1040 to be submitted to Riverside in support of the application. The fabricated return showed a substantially higher amount of income than the 2009 Form 1040 that SAAED MOSLEM had caused to be filed with the IRS in April 2010.

20. In or about June 2017, the Riverside loan went into

default, with an outstanding debt owed at that time of approximately $956,636.

### Walden Bank Line of Credit

21.   From in or about July 2012 through in or about August 2012, MEHDI MOSLEM and SAAED MOSLEM, the defendants, submitted an application for a $500,000 line of credit for Exclusive, with their personal guarantees as security, to Walden Bank.  MEHDI MOSLEM and SAAED MOSLEM, the defendants, overstated their assets and understated their liabilities in the application.

### Salisbury Bank Demand Note

22.   In or about February 2017, MEHDI MOSLEM and SAAED MOSLEM, the defendants, submitted an application for a $125,378.21 loan for Exclusive, with their personal guarantees as security for the loan, to Salisbury Bank ("Salisbury"). MEHDI MOSLEM submitted a personal financial statement in support of this application that overstated the value of his assets and understated his liabilities.

### STATUTORY ALLEGATION

23.   Beginning in or about 2010, and continuing through in or about February 2017, in the Southern District of New York and elsewhere, MEHDI MOSLEM and SAAED MOSLEM, the defendants, knowingly did conspire and agree with CC-1 and others to commit an offense against the United States, to wit, bank fraud, in

8

violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

### COUNT THREE
### (False Statements to Lender)

The Grand Jury further charges:

24.   The allegations contained in paragraphs 2 through 4 of this Indictment are repeated and realleged as though fully set forth herein.

25.   In or about July 2010, SAAED MOSLEM, the defendant, fraudulently obtained a loan from Bank of America in the approximate amount of $415,000 that was secured by property in Pine Bush, New York.  To obtain the loan, SAAED MOSLEM provided Bank of America with an inflated personal net worth statement and a fabricated 2009 Form 1040, which fraudulently reflected $283,579 in business income relating to Exclusive.

### STATUTORY ALLEGATION

26.   In or about July 2010, in the Southern District of New York and elsewhere, SAAED MOSLEM, the defendant, willfully and knowingly did make false statements and reports for the purpose of influencing the action of an institution the accounts of which are insured by the Federal Deposit Insurance Corporation, upon an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, loan, and any change and extension of any of the same, by renewal, deferment

of action and otherwise, and the acceptance, release and substitution of security therefor, to wit, in connection with an application to Bank of America for the loan described above, SAAED MOSLEM made false statements as described above.

(Title 18, United States Code, Section 1014.)

## COUNT FOUR
### (False Statements to Lender)

The Grand Jury further charges:

27.   The allegations contained in paragraphs 2 through 7 are repeated and realleged as though fully set forth herein.

28.   From in or about September 2013 through in or about December 2013, SAAED MOSLEM, the defendant, caused to be submitted to Melrose Credit Union ("Melrose") an application for Quality Homes of Hudson Valley LLC ("Quality Homes") for a loan secured by property in Florida, New York and SAAED MOSLEM's personal guarantee.  To obtain the loan, SAAED MOSLEM made false statements, including, but not limited to, an overstatement of the value of his assets and understatement of his liabilities.

## STATUTORY ALLEGATION

29.   From in or about September 2013 through in or about December 2013, in the Southern District of New York and elsewhere, SAAED MOSLEM, the defendant, willfully and knowingly did make false statements and reports for the purpose of influencing the action of an insured State-chartered credit

union, upon an application, advance, discount, purchase,
purchase agreement, repurchase agreement, commitment, loan, and
any change and extension of any of the same, by renewal,
deferment of action and otherwise, and the acceptance, release
and substitution of security therefor, to wit, in connection
with an application to Melrose Credit Union for the loan
described above, SAAED MOSLEM, the defendant, made false
statements as described above.

(Title 18, United States Code, Section 1014.)

## COUNT FIVE
### (Concealment of Assets and False Claims
In Connection with a Bankruptcy Case)

The Grand Jury further charges:

## BACKGROUND

30.   The allegations contained in paragraphs 2 through 7 of
this Indictment are repeated and realleged as if set forth fully
herein.

31.   On or about January 15, 2015, SAAED MOSLEM, the
defendant, initiated a personal bankruptcy proceeding under
Chapter 7 of Title 11 of the United States Code in the United
States Bankruptcy Court for the Southern District of New York
that was captioned *In re Saaed Moslem*, No. 15 Bk. 35062 (the
"Bankruptcy Case").

32.   From in or about January 2015 through in or about July
2015, SAAED MOSLEM, the defendant, made the following false

11

statements and material omissions in the Bankruptcy Case under penalty of perjury, among others:

a.   SAAED MOSLEM falsely stated in his bankruptcy petition and at a hearing before the bankruptcy trustee pursuant to Title 11, United States Code, Section 341 (the "Section 341 Hearing") that he had made no transfers of property within the two years preceding commencement of the Bankruptcy Case, thereby failing to disclose, as required:

i. the transfer of his ownership interest in Exclusive to MEHDI MOSLEM, the defendant, and Individual-1 in or about January 2014; and

ii. the transfer of a portion of his ownership interest in Exclusive to MEHDI MOSLEM in 2013.

b.   SAAED MOSLEM failed to disclose, as required, in his bankruptcy petition and at the Section 341 Hearing his legal or equitable interests, in the following real property:

i. a lot in Cornwall, New York associated with the address 292-294 Main Street;

ii. a lot in Cornwall, New York associated with the address 298-300 Main Street; and

iii. a lot in Cornwall, New York associated with the address 302 Main Street.

c.   SAAED MOSLEM understated his income for 2012 and 2013 in his bankruptcy petition.

12

d.    In or about April 2015, SAAED MOSLEM caused a false 2013 Form 1040 and Schedule E to be submitted to the United States Trustee, which fraudulently understated his 2013 income.

e.    SAAED MOSLEM failed to disclose, as required, in his bankruptcy petition and at the Section 341 Hearing his ownership interest in Quality Homes.

f.    SAAED MOSLEM failed to disclose, as required, in his bankruptcy petition his positions as president of Quality Homes, vice president of Exclusive, and partner, within the six years preceding the Bankruptcy Case, in Exclusive.

## STATUTORY ALLEGATION

33.    From in or about January 2015 through in or about July 2015, in the Southern District of New York and elsewhere, SAAED MOSLEM, the defendant, (1) did knowingly and fraudulently conceal property belonging to the estate of a debtor from a trustee charged with the control and custody of property and, in connection with a case under Title 11, from creditors and the United States Trustee, and (2) did knowingly and fraudulently make a material false declaration, certificate, verification, and statement under penalty of perjury as permitted under section 1746 of Title 28, in and in relation to a case under Title 11, to wit, in connection with the Bankruptcy Case SAAED MOSLEM submitting forms containing the fraudulent statements and

13

omitting material information, and made false declarations under penalty of perjury, as described above.

(Title 18, United States Code, Sections 152(1), 152(3), and 2.)

## FORFEITURE ALLEGATION

34. As a result of committing the offenses alleged in Counts Two through Five of this Indictment, MEHDI MOSLEM and SAAED MOSLEM, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code Section 982(a)(2)(A), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Asset Provision

35. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred, or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been comingled with other property which

14

cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the above

forfeitable property.

> (Title 18, United States Code, Section 981;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

15

Form No. USA-33s-274 (Ed. 9-25-58).

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

### v.

### MEHDI MOSLEM, et al.

### Defendants.

### INDICTMENT

19 Cr.

(Title 18, United States Code, Sections
152, 371, 1014, 1349 and 2.)

GEOFFREY S. BERMAN
United States Attorney

Foreperson