UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA,

       -v.-                                19 Cr. 547 (CS)

MEHDI MOSLEM, and
SAAED MOSLEM,

              Defendants.
-----------------------------------------------------x

## Declaration

BENJAMIN OSTRER, an attorney admitted to practice in this Court, hereby declares, pursuant to 28 U.S.C. 1728, that the following is true:

1. I represent Saaed Moslem, the defendant, who has been charged with his father, Mehdi Moslem, in the indictment in this matter.

2. The indictment alleges Saaed Moslem together with his father, Mehdi Moslem, and mother owned and operated a car dealership in Central Valley, Orange County, New York identified as Exclusive Motor Sports, LLC ("Exclusive Motor"). Indictment at ¶ 2(c). The indictment refers to Mehdi's wife as "Individual-1."

3. The indictment alleges the two defendants committed tax fraud in and between 2009 and 2016 by providing "false information relating to Exclusive's books and records to CC-1 who had been engaged by Defendants to provide accounting services and tax preparation services. Indictment ¶ 5.

4. The indictment alleges Saaed Moslem and Mehdi Moslem caused and "directed CC-1 to prepare U.S. Partnership Income Tax Return Forms" and caused CC-1 to file false 1040 income tax returns based on under-reported income from Exclusive Motor. Indictment ¶¶ 5, 7.

5. CC-1 entered into at least one agreement with the government, pursuant to which he was permitted to violate the law and file false income tax returns on behalf of the Defendants and their business entities.

6. The conduct of CC-1, authorized by the government, violated his fiduciary responsibility to Defendants as their accountant and tax preparer.

7. Count Two of the Indictment alleges the defendants participated in a bank fraud conspiracy from 2010 through 2017 by fraudulently seeking and obtaining loans for Exclusive Motor from financial institutions. It alleges they provided the lenders with materially false information about their personal finances, including, but not limited to, their assets and liabilities. Indictment ¶ 12.

8. The allegedly material false information was prepared and created for submission to the lenders and government by CC-1.

9. Upon information and belief, CC-1 had a duty to advise Defendants with regard to the propriety of the financial information and tax returns which form the basis of the indictment herein. The course of conduct of CC-1 actually created and encouraged the alleged criminality instead of providing guidance which would have avoided the alleged criminality. The criminality was born of CC-1's obligations to the government, pursuant to which he abdicated his obligations as a Certified Public Accountant.

10. The indictment alleges Defendants "falsely overstated their net worth by, among other things, inflating the market value of their real estate assets and by omitting tax liabilities resulting from the understatement of their income on their Forms 1040." Indictment at ¶ 12.

11. A review of the tax returns prepared by CC-1 discloses that CC-1 omitted hundreds of thousands of dollars of legitimate business expenses for such fundamental items as car purchases, parts, rent, utilities, as well as real estate taxes. The actions of CC-1 were either purposeful or negligent as he was in possession of the relevant bank statements and checks documenting the omitted transactions.

12. Documents provided by the Defense to the Government document an under-reporting of expenses in 2010 by almost $1,900,000.00 and gross receipts by $1,500,000.00. CC-1 failed to include 12 months of expenses for items such as rent and utilities in his computations. Other years are presently being reviewed and preliminary analysis has been provided to the government. The analysis discloses similar under-reporting of expenses and significant inaccurate entries by CC-1 in the books and records of Defendants and their business entities.

13. It does not appear CC-1 sought or obtained accurate information relating to the automobile inventory and chattel loan balances which were integral to the proper preparation of the financial reports and tax returns he generated.

14. Count Three alleges that, in July 2010, Saaed Moslem fraudulently obtained a loan from Bank of America in violation of 18 U.S.C. 1014. Count Four alleges that, in September-December 2013, Saaed Moslem fraudulently sought a loan from Melrose Credit Union in violation of 18 U.S.C. 1014.

15. CC-1 either prepared or reviewed the submissions in support of loan applications without making appropriate corrections.

16. Count Five alleges, in 2015, that Saaed Moslem made false statements and material omissions in a Bankruptcy case concerning his ownership of real property and his income in 2012 and 2013. Upon information and belief, the bankruptcy was

occasioned, in part, by the malfeasance of CC-1.

17. Upon information and belief, CC-1 provided tax returns and financial reports to Defendants without regard for its truth and accuracy. CC-1 violated his fiduciary and ethical obligations owed to defendants as their CPA by preparing and presenting knowingly false documents to defendants for signature.

18. I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: August 4, 2020
       Chester, New York

                        Respectfully,

                        BENJAMIN OSTRER
                        Ostrer & Associates, PC
                        *Attorneys for Saaed Moslem*
                        111 Main Street
                        Chester, N.Y. 10918
                        (845) 469-7577
                        Email: bostrer@ostrer.com