

**OSTRER & ASSOCIATES, P.C.**
ATTORNEYS AT LAW

Benjamin Ostrer
David L. Darwin
Amir H. Sadaghiani
Jeffrey R. Laurice

111 Main Street
P.O. Box 509
Chester, NY 10918

Phone: 845-469-7577
Fax: 845-469-8690
Fax Service Not Accepted

November 19, 2020

Hon. Cathy Seibel
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

   *Re:*  *United States v. Moslem, et al*
      *19 CR 547 (CS)*

Dear Judge Seibel:

  I write to you out of concern with respect to the Court's determination that the trial in this matter will proceed, subject to courtroom availability on February 1, 2021. As set forth in co-defendant's letter motion (Dkt. 49), my health challenges subject me to considerable danger should I be exposed to COVID-19. Your Honor's conclusion that new counsel can be engaged in time to be prepared for trial is not consistent with my understanding of this case. It also places my client in the unenviable position of attempting to find an attorney who can be prepared to proceed to trial on February 1, 2021 a likely insurmountable task, in view of the voluminous discovery and the overwhelming evidence of the chaotic manner in which the government's cooperating accountant prepared financial documents on behalf of defendants. That accountant's work product is so troublesome that professionals continue to meet to try to decipher his errors, a task which is not yet completed and which has complicated the parties' efforts to reach a resolution of this matter.

  It is understood that counsel may be substituted where new counsel can be prepared for trial, *see e.g., United States v. Hughey*, 147 F.3d 423, 428-431 (5th Cir. 1998). It does not appear that new counsel could be ready for a February 1, 2020 trial and that my client would suffer substantial prejudice and hardship. Even if new counsel can be found, the constraints of the pandemic would make it physically difficult for him/her to be prepared for trial. The choice of counsel is guaranteed by the Constitution and deprivation does not require a showing of prejudice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). Even the dissenters in *Gonzalez-Lopez* observed restrictions on the right to chosen counsel should be carefully scrutinized.

*Judge Seibel*             *pg. 2*             *November 19, 2020*

       Although intervening events may render this application moot, I respectfully request that the Court reconsider the February 1st start date, as I will be unable to proceed on that date. COVID-19 cases are spiking across most of the United States, including in Westchester, Rockland and Orange Counties. Since Mr. Willstatter filed his November 4, 2020 application to delay the trial, the daily report of new cases has nearly doubled from more than 92,000 to more than 172,000. More than a quarter million Americans have died this year. The NYC schools have just closed. The State courts in New York and New Jersey have suspended jury trials.

       I assure the Court I will do all within my abilities to assist Mr. Moslem in obtaining new counsel should the Court maintain the current trial date. I will continue to work on my client's behalf to assist in the preparation for trial. Under the current circumstances I cannot conduct the trial if we proceed as currently scheduled.

                                             Respectfully submitted,

                                             Benjamin Ostrer

BO/jdb
cc: Saaed Moslem
      Richard Willstatter, Esq.
      Daniel Loss, Esq./James McMahon, Esq.