

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*300 Quarropas Street*
*White Plains, New York  10601*

February 16, 2021

Hon. Cathy Seibel
United States District Judge
300 Quarropas Street
White Plains, NY  10601

      Re:    United States v. Saaed Moslem
                19 Cr. 547 (CS)

Dear Judge Seibel:

      The Government writes to submit possible questions for the Court to ask the defendant in the *Curcio* hearing in the above matter, currently scheduled for February 17, 2021.

      **A.**    **Relevant Facts**

      On July 30, 2019, the above-captioned Indictment (the "Indictment") was returned.  The Indictment charges Saaed Moslem with conspiracy to defraud the Internal Revenue Service, conspiracy to commit bank fraud, two counts of false statements to lenders, and concealment of assets and false claims in connection with a bankruptcy case.  On January 25, 2021, Marc Agnifilo, Esq. and Zach Intrater, Esq. of Brafman & Associates, P.C. filed a Notice of Appearance in this case. (Dkt. No. 57).  Mr. Intrater's spouse is an Assistant U.S. Attorney in the U.S. Attorney's Office for the Southern District of New York.

      **B.**    **Applicable Law**

      The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel, which includes "the right to representation by conflict-free counsel." *United States* v. *Schwarz*, 283 F.3d 76, 90 (2d Cir. 2002).  A potential conflict exists where the interests of a defendant and attorney may diverge, but the attorney's performance has not yet been affected.  *See Mickens* v. *Taylor*, 535 U.S. 162, 171-72 (2002).

      Under *United States* v. *Curcio*, 680 F.2d 881 (2d Cir. 1982), once a court is alerted to a possible conflict of interest, the Court has an initial "inquiry obligation" to determine the character of the possible conflict.  *Armienti* v. *United States*, 234 F.3d 820, 823 (2d Cir. 2000). If the court determines that the conflict between the defendant and his lawyer is so severe that "no rational defendant would knowingly and intentionally desire the conflicted lawyer's representation – the court is obliged to disqualify the attorney." *United States* v. *Levy*, 25 F.3d

146, 153 (2d Cir. 1994). Otherwise, a court must advise the defendant of the dangers of the conflict, determine whether the defendant understands the risks presented and freely chooses to waive them, and afford the defendant ample opportunity to consult with independent counsel and to evaluate the situation before deciding how to proceed. *United States* v. *Iorizzo*, 786 F.2d 52, 59 (2d Cir. 1986); *Curcio*, 680 F.2d at 888-90. "Where the right to counsel of choice conflicts with the right to an attorney of undivided loyalty, the choice as to which right is to take precedence must generally be left to the defendant and not be dictated by the government." *United States* v. *Perez*, 325 F.3d 115, 125 (2d Cir. 2003).

The Second Circuit has set forth the parameters for a *Curcio* inquiry:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in the narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*Id.* at 119.

### C. Discussion

Theoretically, it is possible that one could allege that, as a result of Mr. Intrater's spousal relationship with a prosecutor in this Office, Mr. Intrater and Mr. Agnifilo have a motive to seek the goodwill of this Office such that their personal interests could cause them, consciously or unconsciously, not to pursue an aggressive defense on behalf of the defendant.

This potential conflict can, however, be waived by the defendant after a *Curcio* hearing. *See United States* v. *Tavarez*, 41 F. App'x 489, 491-92 (2d Cir. 2002). In the case of a potential conflict, before accepting a defendant's waiver, "the court must advise the defendant of the dangers arising from the conflict, encourage the defendant to seek advice from independent counsel, and then determine whether the defendant understands the dangers of proceeding with conflicted counsel and knowingly and intelligently chooses to continue with the representation in spite of the conflict." *United States v. Stein*, 410 F. Supp. 2d 316, 324 (S.D.N.Y. 2006) (citing *United States v. Curcio*, 680 F.2d 881, 888-89 (2d Cir. 1982)).

Accordingly, the Government requests that the Court ask the defendant the following questions at the *Curcio* hearing:

I. <u>Introductory Questions</u>

    1. How old are you?

      2.       How far did you go in school?

      3.       Are you currently taking any medication?

      4.       Are you now under the care of a doctor for any physical or mental condition?

      5.       Within the past 24 hours, have you taken any alcohol, drugs, or pills of any kind?

II.     Circumstances of Representation

      6.       Are you currently represented by Zach Intrater, Esq. and Marc Agnifilo, Esq.?

      7.       Are you satisfied with the services of Mr. Intrater and Mr. Agnifilo so far?

      8.       I have been told that you would like to have Mr. Intrater and Mr. Agnifilo continue as your counsel in this case. Is that correct?

      9.       Do you understand that you are being prosecuted by the United States Attorney's Office for the Southern District of New York?

      10.     Have you received and reviewed a copy of the Government's letter dated February 16, 2021? Have you had an opportunity to review that letter with Mr. Intrater and Mr. Agnifilo and discuss its contents with them?

      11.     Do you understand that Mr. Intrater's spouse is employed as an Assistant U.S. Attorney in the United States Attorney's Office for the Southern District of New York, which is the same Office that is prosecuting you in this case?

III.    Potential Conflict of Interest

      12.     Do you understand that Mr. Intrater's spousal relationship with a prosecutor in the U.S. Attorney's Office creates a potential conflict of interest?

      13.     Do you understand that the potential conflict of interest applies, not only to Mr. Intrater, but also to other attorneys at his law firm, including Mr. Agnifilo?

      14.     Do you understand that because Mr. Intrater is married to a prosecutor in the U.S. Attorney's Office, Mr. Intrater and Mr. Agnifilo might conceivably be tempted to curry favor with the Government in a manner that might not be in your interest?

          a.      For example, Mr. Intrater and Mr. Agnifilo may, consciously or unconsciously, not challenge points that the Government makes in your case during plea discussions, trial, sentencing, or otherwise; do you understand that?

          b.      There may also be other ways in which Mr. Intrater and Mr. Agnifilo may, consciously or unconsciously, not pursue an aggressive defense in your case because of a desire

not to offend or irritate the Government.  Do you understand that?  I am not saying that they would do that.  All I am saying is that a lawyer might be tempted to do that.  You should be aware of that and think about it.

IV.	Right to Conflict-Free Representation

15.	Do you understand that you are entitled to an attorney who has only your interests in mind, and not the interests of anyone else?

16.	Have you received any inducements, promises or threats with regard to your choice of counsel in this case?

17.	Is your desire to be represented by Mr. Intrater and Mr. Agnifilo a choice that you have made voluntarily and of your own free will?

18.	Has anyone told you that you are required to, or must, choose Mr. Intrater or Mr. Agnifilo to continue to represent you?

19.	Have you consulted with counsel other than Mr. Intrater and Mr. Agnifilo about the hazards of the potential conflict of interest?

20.	Do you understand that you have a right to consult with a lawyer other than Mr. Intrater and Mr. Agnifilo to determine whether you wish for Mr. Intrater and Mr. Agnifilo to continue representing you?  Do you understand that the Court will give you an opportunity to do so, and that the Court encourages you to do so?  Do you understand that, if you cannot afford other counsel, the Court will appoint counsel to consult with you about this conflict-of-interest issue or to represent you?

21.	Do you understand that if you agree to keep Mr. Intrater and Mr. Agnifilo as your lawyers, you will be waiving any right to claim at a later date, on appeal or at any other proceeding, that you were prejudiced in this case based on your representation by lawyers who have the potential conflict I have described?

22.	Do you have any questions that you want to ask me about this possible conflict of interest or the decision you will have to make concerning this possible conflict of interest?

23.	Would you like more time to think about this matter?

24.	Now, to make sure you have understood what we have been discussing, please describe to me in your own words your understanding of the potential conflict or conflicts of interest that may arise in this case as a result of Mr. Intrater's spousal relationship with a prosecutor in the U.S. Attorney's Office?

25.	Is there anything that the Court has said that you wish to have explained further?

      26.    Do you still wish to proceed with Zach Intrater and Marc Agnifilo as your attorneys in this case?

Respectfully submitted,

AUDREY STRAUSS
United States Attorney
Southern District of New York

By: *(signature)*

Daniel Loss/ James McMahon
Assistant United States Attorneys
Tel.: (212) 637-6527 / (914) 993-1936

cc:    Counsel of Record (by ECF)