## BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW
256 FIFTH AVENUE, 2ND FLOOR
NEW YORK, NEW YORK 10001
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906
E-MAIL: ATTORNEYS@BRAFLAW.COM

**BENJAMIN BRAFMAN**

**MARK M. BAKER**
OF COUNSEL

**MARC A. AGNIFILO**
OF COUNSEL

**ZACH INTRATER**
OF COUNSEL

ANDREA L. ZELLAN
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA
STUART GOLD

June 29, 2021

Honorable Cathy Seibel
U.S. District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York   10601

  Re. United States v. Moslem

Dear Judge Seibel:

  In advance of the court proceeding today at 4:30 pm, I will set out the events of the last several days so the Court can have a fuller perspective in considering the defendant's current bail conditions.

  In the evening of Thursday, June 24, 2021, I spoke by phone with a lawyer whom I have known for many years named Michael Macklowitz. Mr. Macklowitz said that he represented someone, Drew Smith and that his client, Mr. Smith, was involved in a lawsuit in which he was claiming to be the fifty percent owner of Accel Motors and, therefore, the fifty percent owner of the property located at 30-15 Thompson Avenue, Long Island City, New York (hereinafter "the Long Island City property"). Mr. Macklowitz further explained that his client's legal claim had been raised in a counterclaim to a lawsuit that had been filed by Mehdi Moslem. I asked, among things, whether there was any judicial determination as to his client's claim of being the fifty percent owner of the Long Island City property, and Mr. Macklowitz said there was no decision one way or the other, and that the lawsuit and the counterclaim were pending and ongoing.

  On Friday, June 25, 2021, I spoke with Elias Schwartz, counsel of record for Mehdi Moslem. Mr. Schwartz confirmed that Mehdi Moslem had in fact filed a

**BRAFMAN & ASSOCIATES, P.C.**

lawsuit about five years ago, that there was a counterclaim in which a party asserted a fifty percent ownership in Accel Motors and in the real property in Long Island City. Not surprisingly, the depiction of the merits of the lawsuit and the counterclaims were characterized very differently by the lawyers for the competing parties. Therefore, I asked each lawyer for the documents, arguments and decisions that would shed light on the merits and the pendency of the lawsuit.

At about 8:00 AM on Monday, June 28, 2021, I emailed all three lawyers of the prosecution team and all defense counsel that I had preliminary information that I wanted to discuss as soon as possible. The AUSAs and defense counsel had a conference call at 9:30 AM on Monday, during which I indicated that I had become aware that there was a lawsuit that may impact the Long Island City property. I told the prosecutors that I had not yet gotten any papers on that case, that I had requested such from both lawyers, and that as soon as the lawyers sent me case-papers, I would forward them along to the government immediately. I gave the government the names of the civil lawyers with whom I spoke. I invited the government to contact them directly if they chose to do so. The government stated that they were content with me having contact and forwarding the information I received. I agreed.

At 9:57 AM, I received a number of case-related documents from Mr. Macklowitz, and three minutes later I forwarded them to the government. At 1:11 PM, I received a number of case-related documents from Mr. Schwartz, and four minutes later I forwarded them to the government. Mr. Emouna continued to research the civil docket, located relevant materials and has forwarded such to the government.

The relevant take-away from the case file, from my perspective, is this: while there is clearly a civil lawsuit going back five years, the case had been less active recently; also, while Mr. Macklowitz's client, Mr. Smith, received a ruling that he was entitled to an injunction as to the Long Island City property, the injunction was dependent on Mr. Smith putting up a sum of money as a bond, which Mr. Smith decided not to do. Accordingly, there is not now, and never has been, an injunction as to the Long Island City property for the simple reason that Mr. Smith failed, refused or for whatever reason, did not put up the money that would serve as a condition-precedent to the actual injunction.

Yesterday afternoon, I had a conversation with Mr. Macklowitz, Mr. Smith's counsel. I informed Mr. Macklowitz, as I had also informed Mr. Schwartz, that I had already brought these issues to the Government's attention and would also be bringing them to the Court's attention. I also told Mr. Macklowitz that in light of his

**BRAFMAN & ASSOCIATES, P.C.**

client's unresolved claim to fifty percent of the Long Island City property, I would seek a bond secured by only fifty percent of that property. He replied that such was reasonable from his perspective.

    I provide this information for the Court's benefit and so the Court can have the fullest possible information in advance of today's hearing.

Respectfully submitted,

Marc Agnifilo