UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-

                                                ORDER

MEHDI MOSLEM, a/k/a "Mike Moslem,"
and SAEED MOSLEM,                              No. S1 19-CR-547 (CS)

                        Defendants.
------------------------------------------------------x

Seibel, J.

      Defendant Saaed Moslem has filed a motion for a new trial pursuant to Fed. R. Crim. P. 33(a), (ECF No. 175), a "Motion to Dismiss Indictment Pursuant to Rule 32(c)(a)(A)(ii)," (ECF No. 191), and a "Motion to Clarify," (ECF No. 192). Mr. Moslem does seem to be in need of clarification, so I will attempt to provide some. It is my hope that these clarifications will assist Mr. Moslem in understanding his situation so he does not continue to waste his time, and the Court's, on inapplicable motions.

1. I will rule on the new-trial motion at the time of sentencing.

2. The motion to dismiss cites an inapplicable rule; Rule 32 relates to the pre-sentence report and would appear to have no application to the issues of alleged prosecutorial misconduct that Mr. Moslem raises, which in any event appear to duplicate the new-trial motion.

3. Mr. Moslem appears to be confusing the issue of monetary loss from the offenses of conviction, which is relevant to sentencing, with the issue of guilt on the charges, which do not require the Government to prove any particular dollar loss. If he examines the jury instructions, he will see what the elements of each offense are. None require an actual loss. Even if the statements of Mr. Moslem's retained accountants showed conclusively that there was no tax loss – a conclusion I cannot reach on the present record – that would not undermine his conviction for conspiracy to defraud the United States. Likewise, even if the banks were able to fully recover the loan amounts from the collateral – of which there is no evidence – that would not make him not guilty of bank fraud conspiracy, bank fraud or false loan applications.

4. The Government alleges loss amounts for purposes of the Sentencing Guidelines, and it is apparent that Mr. Moslem objects to them. The Government therefore will have to prove those losses by a preponderance of the evidence at the sentencing hearing. Mr. Moslem at that hearing may cross-examine the Government's witness(es) and call his own. Each side may introduce documents. If Mr. Moslem thinks he has "irrefutable, verifiable banking documents," (ECF No. 192 at 1), that show no actual or intended loss, *see* U.S.S.G. § 2B1.1, the Court has not seen them, but he should be prepared to authenticate and introduce them at the sentencing hearing, and explain (either himself or through a witness) how they show what he contends they show.

5. The sentencing hearing will take place on October 3, 2022, at 9:30 am. If we do not finish the hearing that day, we will schedule a date for its continuation.

 My chambers will send a copy of this Order to both Defendants.

SO ORDERED.

Dated: July 24, 2022
   White Plains, New York

                     _____
                     CATHY SEIBEL, U.S.D.J.