UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-

SAAED MOSLEM,

        Defendant.
-------------------------------------------------------x

ORDER

No. 19-CR-547

Seibel, J.

    Before the Court is Defendant Saaed Moslem's "Motion for immediate removal of 'Public Safety Factor' and immediate transfer to minimum security (camp) facility." (ECF No. 321.)

    The proper vehicle for challenging the execution of a federal sentence, including "an allegedly erroneous custody classification," *United States v. Lewis*, No. 17-CR-28, 2021 WL 1206511, at *2 (W.D.N.Y. Mar. 31, 2021), is a petition under 28 U.S.C. § 2241. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). An inmate filing such a petition must name his warden as the respondent and file the petition in the judicial district where he is confined. *Lewis*, 2021 WL 1206511, at *2; *see United States v. Pena*, 84 F. App'x 118, 120 (2d Cir. 2003). The motion is therefore denied. Should Mr. Moslem wish to pursue the issue, he would have to file a § 2241 petition in the District of New Jersey.

    I express no view on the merits of any such petition, but Mr. Moslem should be aware that "[f]ederal prisoners are generally required to exhaust their administrative remedies prior to challenging conditions of their confinement through the filing of a § 2241 petition . . . [unless] administrative remedies are, effectively, unavailable to an inmate," *Calix v. Pullen*, No. 22-CV-574, 2023 WL 423123, at *3 (D. Conn. Jan. 26, 2023); "courts have held that a prisoner's

classification and designation in the BOP system does not rise to the level of a constitutional violation" unless the classification "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, or . . . the BOP's action will inevitably affect the duration of his sentence," *United States v. Sanford*, No. 07-CR-401, 2014 WL 2208172, at *2 (E.D.N.Y. May 28, 2014) ; and that "[f]ederal courts have consistently held that a federal prisoner has no liberty interest in his or her security classification based on a prison official's determination of the applicability of a particular PSF," *Anderson v. Williams*, No. 15-CV-1364, 2017 WL 855795, at *8 (D. Conn. Mar. 3, 2017); *see Bennett v. Terrell*, No. 10-CV-1029, 2010 WL 1170134, at *1 (E.D.N.Y. Mar. 24, 2010) ("[I]t is well settled that a prisoner has no constitutional right to serve a sentence in any particular institution or to be transferred (or not transferred) from one facility to another. The Attorney General and the Bureau of Prisons ('BOP') have exclusive authority to designate the place of confinement for federal prisoners. 18 U.S.C. §§ 3621, 4082. In fact, the BOP's discretion in making prisoner classification decisions is virtually unfettered.") (cleaned up).

The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 321), and to send a copy of this Order to Saaed Moslem, No. 87068-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

SO ORDERED.

Dated: July 10, 2023
       White Plains, New York

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.