UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-　　　　　　　　　　　　　　　　ORDER

SAAED MOSLEM,　　　　　　　　　　　　　19-CR-547-2 (CS)

            Defendant.
------------------------------------------------------x

Seibel, J.

    Before the Court is Defendant Saaed Moslem's motion for reconsideration, (ECF No. 400), of my order, (ECF No. 398), denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

    "Reconsideration of an order is an extraordinary remedy to be employed sparingly in the interests of finality and to conserve scarce judicial resources," and "[a]ccordingly, the standard for granting a motion for reconsideration is strict, and the motion will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked that might reasonably be expected to alter the conclusion reached by the court." *KSW Mech. Servs., Inc. v. Mech. Contractors Ass'n of New York, Inc.*, No. 11-CV-5100, 2012 WL 1571413, at *1 (S.D.N.Y. May 4, 2012).[1] "The availability of a motion to reconsider is not an invitation for a party to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Bausch & Lomb Inc. v. Vitamin Health, Inc.*, No. 13-CV-6498, 2015 WL 13574357, at *1 (W.D.N.Y. Sept. 29, 2015); *see Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.

---

[1] The Court will send Defendant copies of any unreported decisions cited in this Order. Unless otherwise indicated, all case quotations omit internal quotation marks, citations, alterations and footnotes.

1990) ("The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided.").

Defendant contends that I overlooked the Government's misconduct, but I specifically found that there was no such misconduct: "[T]here is nothing wrong with one component of the executive branch informing another of such behavior, which is plainly relevant under BOP regulations." (ECF No. 398 at 4.) I also addressed his First Amendment and disparity arguments. (*Id.* at 4, 6.) Dissatisfaction with the result does not call for reconsideration.

Defendant also makes the absurd suggestion that because he challenged the Government to prosecute him for perjury if he said anything false, the fact that the Government has not prosecuted him means I must accept everything he says as true. Apparently it has not occurred to him that he does not get to decide what the Government does with its limited resources. Further, Defendant makes arguments regarding *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), apparently overlooking that – as explained in my prior order, (ECF No.398 at 2 n.1) – *Brooker* no longer governs in light of the amendment of U.S.S.G. § 1B1.13, *see, e.g., United States v. Rivera Rodriguez*, No. 12-CR-269, 2024 WL 4355031, at *2 (S.D.N.Y. Sept. 27, 2024) (amended § 1B1.13 rather than *Brooker* now governs determination of whether extraordinary and compelling reasons exist under 18 U.S.C. § 3582(c)(1)(A)).

I have considered all of Defendant's arguments for reconsideration and find them to be without merit. But the motion gives me the opportunity to again explain something that does not seem to be clear to Defendant. At the time of sentencing, I remembered only a portion of what the Marshals had told me about what had Defendant said: that he wished that my children and I would die in a car crash and I would see their faces melting off. (ECF No. 265 at 3-4.) I did not

at that time recall that Defendant had made a threat, but now, having seen the whole quotation in connection with the motion for sentence reduction, I have no doubt that "She's going to burn in hell and I'm going to make sure I'm the one that puts her there. Trust me when I tell you that, okay?," is reasonably interpreted as a threat, even if Defendant does not intend to follow through (which I trust is the case).

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to send a copy of this Order to Saaed Moslem, No. 87068-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640, and to terminate ECF No. 400.

Dated: November 14, 2024
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.