UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                           ORDER

SAAED MOSLEM,                        19-CR-547-2 (CS)

                    Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Saaed Moslem's "Emergency Motion for Immediate Release and Dismissal."  (ECF No. 417 (the "Motion").)  The Motion purports to be brought pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) based on a defect in the Indictment, but such motions "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."  Fed. R. Crim. P. 12(b)(3).  Defendant makes no effort to show that his motion could not have been made before trial, and there is no such thing as a freestanding motion for a sentenced prisoner to be "immediate[ly] released."  In any event, the motion is without merit, which I briefly address in the hope it will deter future baseless applications.[1]

      Defendant first contends that a grand jury transcript called "Grand Jury Trans Jan, 2019.pdf" – which he does not provide – has a creation date of April 28, 2021, which Defendant contends is a "temporal impossibility" because "a document cannot exist before it is created."

---

[1] To the extent the motion purports to be a response to the Court's December 8, 2025 Order, which directed the parties identify what issues raised by Defendants' § 2255 motion they believe remain to be determined now that their appeal has been decided, (ECF No. 416), it is not that, because it discusses matters that are not raised in the § 2255 motion.

(Motion at 3.)[2]  Defendant points to Exhibit A to his Motion as supporting this claim, but Exhibit A relates to a different document: "July 2019 SDNY Indictment.pdf."  (Motion Ex. A.)  There is thus no factual basis for his claim, but even if I were to assume that there is a similar report regarding "Grand Jury Trans Jan, 2019.pdf," his argument is baseless.   As previously explained, (*see* ECF Nos. 411, 413), a transcript does not come into existence at the same moment as the proceeding it records.  The court reporter makes a verbatim record in her code in her machine, and later – maybe the same day but maybe many months later – creates the written transcript.  By definition transcripts are created after the events they reflect.  Of course "a document cannot exist before it is created," but a grand jury proceeding can – indeed, must – occur before a transcript of it is created.  Even if there were an expert report about the document at issue, and even if one could tell from that report where or how the expert obtained the PDF he examined – for all we know, it was not the original – that the reporter may have created the transcript, or the Government may have obtained it or supplied it to defense counsel, in the weeks leading up to trial does not remotely suggest that it is not authentic.[3]

---

[2] References to the Motion use the page numbers assigned by the Court's Electronic Case Filing system.

[3] Any complaint Defendant may have meant to raise about the document described in Exhibit A is also meritless.  (The "expert" states in paragraph 2 that his report relates to "April 2021 SDNY Indictment.pdf," but in paragraphs 3 and 6.1, and in the attachments, he identifies the document as "July 2019 SDNY Indictment.pdf," and it is obvious from the content of the report that his conclusions relate to the latter.)   Again the "expert" does not explain where he got the PDF he examined, and in any event it is plain that the "creation date" of August 2, 2019 is the date the indictment was unsealed and that the "modification date" of December 15, 2025 must have been when the PDF was sent to the expert for his report, which is dated December 16, 2025. Moreover, despite the "modification date," the report does not identify anything different between the original and "modified" versions.

Defendant also points out that the docket contains no entries before July 30, 2019, and a "grand jury transcript from January 2019 cannot exist in a case that did not exist until July 2019." (Motion at 3.)  His premise – that a grand jury transcript cannot exist, or a grand jury proceeding cannot take place, before a case is indicted – has it exactly backwards.  By definition grand jury proceedings must occur before a case is indicted, because it is the grand jury that votes the indictment.  In other words, a grand jury always hears evidence and then votes the indictment; that vote is the event that causes the case to "exist."  Sometimes there is a single presentation of evidence to a grand jury and it votes an indictment that same day, but grand jury proceedings can – and in "paper" cases often do – stretch over many months.  There is nothing the least bit unusual about a grand jury hearing evidence in January and voting the indictment in July.  Moreover, grand jury transcripts never appear on the docket (unless attached to a document filed by a party), so the absence of pre-July 30, 2019 docket entries means nothing.  In short, Defendant has not come close to showing anything unusual, let alone improper, about the grand jury proceedings.  Moreover, even if he had, "the guilty verdict at trial rendered any error in the grand jury proceeding to which [he] objects 'harmless beyond a reasonable doubt.'"  *United States v. Hilts*, 757 F. App'x 56, 59 (2d Cir. 2018) (summary order) (quoting *United States v. Mechanik*, 475 U.S. 66, 70 (1986)).[4]

I have already explained why there is no merit to Defendant's remaining arguments regarding the transcript of Stephen Strauhs's guilty plea, (*see* ECF Nos. 411, 413), and the date

---

[4] Unless otherwise indicated, case quotations omit internal quotation marks, citations, alterations and footnotes.  The Court will send Defendant copies of any unreported cases cited in this Order.

of his withdrawal from the conspiracy, (*see* ECF No. 344 at 9-14; ECF No. 375 at 3-6; ECF Nos. 383, 402).

Finally, Defendant asks to withdraw his pending § 2255 petition without prejudice to having its claims adjudicated via his § 2241 petition in the District of New Jersey.  This Court has already adjudicated some of the issues raised in the § 2255 petition, but others remain.[5] Defendant's request, however, is improper.   A § 2255 petition has to be addressed to "the court which imposed the sentence," 28 U.S.C. § 2255(a), which is this court.  A § 2241 petition is for prisoners to "challenge the manner in which their sentence is implemented, as opposed to the underlying legality of the conviction." *Estrella v. Terrell*, No. 12-CV-543, 2014 WL 3724813, at *1 (E.D.N.Y. July 25, 2014); *see Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (Section 2241 allows prisoner to challenge execution of sentence – "for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated" – but is not a means to challenge sentence as violating Constitution or laws of the United States).[6]  Because Defendant's arguments go to the legality of his sentence, not its

---

[5] The remaining issues are addressed in a separate Order of today's date.

[6] "A petitioner may only use section 2241 to challenge the imposition of his sentence . . . when the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention," *Powell v. United States*, No. 16-CV-929, 2016 WL 4186909, at *1 (D. Conn. Aug. 8, 2016); *see* 28 U.S.C. § 2255(e), but that exception is for "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," *Jones v. Hendrix*, 599 U.S. 465, 474 (2023) – that is, "only when § 2255 is unavailable *and* the petition is filed by an individual who (1) can prove actual innocence on the existing record, and (2) could not have effectively raised his claim of innocence at an earlier time, perhaps due to an intervening change in the governing interpretation of the statute of conviction," *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (emphasis in original); *see Figueroa v. Warden, FCI Ray Brook*, No. 21-CV-595, 2021 WL 2711559, at *4  (N.D.N.Y. July 1, 2021) ("Section 2255 is

execution, the Court will not assist him in attempting to assert them in the incorrect forum.

Defendant is advised that if he raises the same issues in subsequent filings, they are likely to be ignored.

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to send a copy of this Order to Saaed Moslem, No. 87068-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640, and to terminate ECF No. 417.

Dated: January 6, 2026
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

'inadequate or ineffective' only when the failure to allow collateral review would raise serious constitutional questions because the prisoner (1) can prove actual innocence on the existing record, and (2) could not have effectively raised his claim[] of innocence at an earlier time."). It is not for situations where the prisoner "did not like the judge's rulings," *Lavi v. United States*, 80 F. Supp. 2d 194, 195 (S.D.N.Y. 2000), and wishes to judge-shop.