UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

        -v.-                         ORDER

SAAED MOSLEM,                     19-CR-547-2 (CS)

              Defendant.
-------------------------------------------------------x

Seibel, J.

Before the Court is Saaed Moslem's "Motion to Compel Production of Sealed Arraignment Transcript and Order to Show Cause Why Contempt and Sanctions Should Not Be Imposed for Systematic Obstruction of Justice." (ECF No. 427 ("Mot.").) Familiarity with prior proceedings and with the motion is presumed.

Saaed Moslem's case in this Court is over, and he is in no position to seek anything at this stage. In any event, in the hope that it will avoid further baseless motions, the Court explains why the transcript of Stephen Strauhs's arraignment is not relevant to anything.

The Court first addresses what it will generously describe as several misconceptions on Saaed Moslem's part. (The Court need not decide if Saaed Moslem is intentionally misrepresenting, willfully ignorant, or just wrong on these issues.) First, when a judge orders, at or on the day of a proceeding, that the transcript of that proceeding "shall be sealed," that judge obviously is referring to a transcript of the proceeding that may be created after the proceeding and that shall be sealed once created. Magistrate Judge McCarthy's order that the transcript is to be sealed does not suggest that she had it in hand when she entered that order.

Second, court reporter D'Emedio was present and made the transcript of Strauhs's plea before me on July 16, 2019,[1] but there is no indication that the same is true for Strauhs's arraignment before Judge McCarthy earlier in the day. Indeed, the minute entry for the Strauhs's arraignment on July 16, 2019 does not list any court reporter present. (No. 19-CR-517, Minute Entry dated July 16, 2019.) Defendant's application seems to rest on the belief that "[t]he same court reporter (D'Emidio) was present for both the arraignment and the plea on July 16, 2019," (Mot. at 10), which is not the case.

Third, Defendant's claim that "any evidence derived from Strauhs' 2012 cooperation would be fruit of an undisclosed cooperator relationship, rendering it inadmissible under Brady and fundamentally tainting the entire prosecution," (Mot. at 19), is nonsensical. He cannot mean to suggest that the Government has to disclose to a target that he is dealing with a cooperator; that would be absurd. He may mean to suggest that the Government has to tell a judge when someone is cooperating. There is no authority for that proposition. People cooperate before they enter a guilty plea all the time.[2] Sometimes, as here, it is years between the start of the cooperation and the plea. At the time of the plea, the plea agreement is provided to the judge, and for cooperators that agreement would include their obligation to cooperate. But: (a) that does not have to occur at the arraignment, only at the plea; (b) in any event, as Saaed Moslem well knows because he attached evidence of that fact to his motion, the Government disclosed Strauhs's cooperation to Magistrate Judge McCarthy, (ECF No. 427-2 at

---

[1] The minute entry for the plea states that it occurred on July 17, 2019, but this is an error. The transcript cover page, (ECF No. 427-3 at 1), the colloquy, (*id.* at 2), and the Court's notes all indicate that the plea was on July 16, 2019.

[2] Indeed, sometimes they never enter a guilty plea but instead enter into a non-prosecution agreement, in which case a judge is not involved.

2

4); (c) the Government disclosed Strauhs's cooperation to the undersigned at the plea, (ECF No. 427-3 at 2-3, 16-18); and (d) even if Judge McCarthy and the undersigned were unaware that Strauhs was a cooperator, which the record conclusively proves was not the case, Saaed Moslem presents no reason why that would preclude the use of Strauhs's evidence against him.

Finally, Defendant cites what he claims to be portions of 28 U.S.C. § 753, (Mot. at 7-8, 12-13), but such portions do not appear in that statute. If Defendant is using artificial intelligence for his research, he needs to ensure the information he is getting is accurate before he wastes his time and the Court's.

With these errors corrected, it should be obvious why the transcript of the arraignment is of no moment. Defendant has the transcript of the plea, and has not suggested what information might be in the arraignment transcript that would be of any help to him that is not already available through other means. To the extent he argues that the arraignment transcript might contain Strauhs's "admissions, the factual basis for his guilty plea, and any statements he made about co-conspirators," (Mot. at 14), that is sheer speculation, especially because (as he may recall from his own arraignment), those types of issues are covered at the guilty plea, not the arraignment, and he has the transcript of the guilty plea (as well as Strauhs's 3500 material and the transcript of Strauhs's trial testimony). It is inconceivable that anything Strauhs said at his arraignment would have caused the jury to reach a different verdict than it did, especially in light of the overwhelming evidence.

Most fundamentally, that Strauhs withdrew from the conspiracy in 2012 when he began cooperating is of no help to Defendants. When Strauhs pleaded guilty in 2019, he waived any statute of limitations defense he might have had. (*See* CF No. 427-3 at 18-19.) But no such defense is available to Saaed Moslem or his father and co-Defendant Mehdi Moslem. Although

3

Saaed Moslem continues to insist that Strauhs's withdrawal from the conspiracy when he became a cooperator in 2012 means that the conspiracy came to an end, and thus that his 2019 indictment was not timely, he is just plain wrong.   He disregards both the law, which provides that the withdrawal of one conspirator to cooperate does not end the conspiracy if others continue to agree to violate the law, *see United States v. Miranda-Ortiz*, 926 F.2d 172, 175 (2d Cir. 1991), and the overwhelming evidence that he and his father did just that.   As previously explained, there is no statute of limitations problem with his convictions:

> As the trial evidence made clear, Strauhs, Mehdi Moslem and Saaed Moslem entered into a conspiracy beginning in approximately 2009, and while Strauhs "flipped" and therefore withdrew in 2012, Mehdi Moslem and Saaed Moslem continued to conspire with one another for years thereafter.
>
> > The mere withdrawal of one coconspirator from the conspiracy does not terminate the conspiracy when at least two coconspirators remain who have not withdrawn.   Nor does the fact that the coconspirator who withdrew has become a government informant unbeknownst to the coconspirators prevent the continuation of the conspiracy.   Although a person acting as an agent of the government cannot be a coconspirator, the presence of a government agent does not destroy a conspiracy in which at least two other private individuals have agreed to engage in an unlawful venture.
>
> *United States v. Miranda-Ortiz*, 926 F.2d 172, 175 (2d Cir. 1991).   Petitioners provide no explanation for why Strauhs' cooperation somehow made it impossible for them to continue to conspire with each other – as the evidence overwhelmingly showed that they did.

(ECF No. 344 at 11; *see* ECF No. 375 at 4-5.)   Because Saaed Moslem and his father continued to conspire into 2018, the statute of limitations had not run when they were indicted in 2019.

The Court urges Saaed Moslem to consider the possibility that his conviction is not the result of a conspiracy – at various times alleged to consist of four (or maybe more) of his lawyers, the prosecutors, Strauhs, Strauhs's lawyer, the undersigned, Magistrate Judge

4

McCarthy, court personnel, the Second Circuit, and who knows who else – but rather that he was convicted fair and square.

For the reasons stated above, the motion is denied.   The Clerk of Court is respectfully directed to send a copy of this Order to Saaed Moslem, No. 87068-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

Dated: January 21, 2026
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.